### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **FATIMA KAMARA** | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | ) **CASE NO.:** |
| | ) |
| **MIDLAND CREDIT** | ) |
| **MANAGEMENT INC.** | ) |
| | ) |
| **Defendant.** | ) |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Fatima Kamara, an individual consumer, against Defendant, Midland Credit Management, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District as Defendant conducts business within BRONX COUNTY, NEW YORK, and this jurisdiction, and the events giving rise to the claims occurred here.

## III. PARTIES

4. Plaintiff is a natural person residing in Bronx, New York.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Upon information and belief, Defendant Midland Credit Management, Inc., is a corporation with a principal address at 350 Camino de la Reina, Suite 100, San Diego, California.

7. Defendant regularly engages in the collection of consumer debts and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTS OF THE COMPLAINT

8. On or about July 23, 2024, reviewed her credit report and observed that the Defendant is attempting to collect a debt allegedly owe to COMENITY CAPITAL BANK in the amount of $712.

9. On July 23, 2024, Plaintiff sent a letter via USPS Certified Mail, Tracking Number 95890710527015241116 37, expressly stating that "I refused to pay the debt" and that Defendant must cease all communication regarding the debt pursuant to 15 U.S.C. § 1692c(c).

10.    According to USPS records, the letter was delivered to Defendant's address in Troy, MI 48083, on July 30, 2024, at approximately 1:19 PM.

11.    Despite receipt of the letter, Defendant contacted Plaintiff again around August 8, 2024, regarding the alleged debt with letter dated July 31, 2024.

12.    Defendant's actions constitute a clear violation of 15 U.S.C. § 1692c(c), which prohibits further communication with a consumer after receipt of a written notice to cease communication, except under specific statutory exceptions that do not apply in this case.

**13.**     Plaintiff has suffered actual damages as a result of the illegal debt

collection communications by Defendant in the form of intrusion upon

seclusion, anger, anxiety, decreased ability to focus on tasks, loss of

time, loss of money, frustration, amongst other negative emotions.

## V. FIRST CLAIM FOR RELIEF

14.     Plaintiff re-alleges and reincorporates by reference all prior

paragraphs as if fully stated herein.

15.     Defendant's debt collection efforts violated the FDCPA,

particularly §1692c(c) states:

(a) If a consumer notifies a debt collector in writing that the consumer

refuses to pay a debt or that the consumer wishes the debt collector to

cease further communication with the consumer, the debt collector shall

not communicate further with the consumer with respect to such debt,

except-

(1) to advise the consumer that the debt collector's further efforts are

being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. If such notice from the consumer is made by mail, notification shall be complete upon receipt.

16.   Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.

17.   As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Such other and further relief as this Court may deem just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  Woodmere, New York

February 5, 2025

/s/

_____

**Adam J. Fishbein**
**Attorney At Law**
**735 Central Avenue**
**Woodmere, New York 11598**
**516 668 6945**
**fishbeinadamj@gmail.com**